**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. :     1:15-cv-02272-LTB-KLM

DANIEL IRIGOYEN-MORALES
on his own behalf and
on behalf of all others similarly situated,

     Plaintiff,

v.

CONCREATIONS OF COLORADO, INC., and
EDDIE P. ROMERO,

     Defendants.

---

**PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AS A COLLECTIVE ACTION AND FOR COURT-AUTHORIZED NOTICE**

---

COMES NOW the Plaintiff Daniel Irigoyen-Morales, who respectfully move the Court to (1) conditionally certify this case as a Fair Labor Standards Act (FLSA) collective action pursuant to 29 U.S.C. § 216(b); (2) to approve notice of this action for distribution to the conditionally certified opt-in class; (3) to order distribution of the Court's approved notice; (4) to order the production of names and addresses of members of the conditionally-certified opt-in class so that Plaintiffs might mail the Court's approved notice to them; and (5) tolling the statute of limitations applicable to the FLSA claims of opt-in Plaintiffs as of this 26th day of October, 2015. For the reasons set forth below, Plaintiffs respectfully request that they be granted this relief.[1]

---

[1] Plaintiff certifies pursuant to D.C.COLO.LCivR 7.1(A) that he has not yet conferred with Defendants regarding this motion because it was served together with the Summons and Complaint.  Plaintiff sought to confer with Defendant via letter dated

The Plaintiff named above filed the instant case on behalf of himself and all others similarly situated pursuant to 29 U.S.C. § 216(b). Plaintiff defined the proposed FLSA class as:

> All individuals employed by Defendants as hourly employees between October 13, 2012 and the present, who were not paid mandatory overtime premiums for hours worked over forty in a workweek.

Doc. 1 at ¶ 35.[2]

Plaintiff alleges that Defendants employed him and others similarly situated as cement masons in Defendants' concrete construction business.  Doc. 1 at ¶¶ 1, 15, 37; Pl. Ex. 2, Irigoyen-Morales Aff. at ¶¶ 3-4.[3]  Plaintiff asserts that the Defendants violated the FLSA when they paid their hourly employees, who regularly worked overtime hours, for all hours at straight time rates.  Doc. 1 at ¶¶ 19-24; Pl. Ex. 2 at ¶¶ 6-7.  These workers' hourly rates of pay were not increased to provide a premium for overtime hours worked.  Plaintiffs alleges that he suffered the foregoing violations of the FLSA and that others similarly situated were subject to the same policies giving rise to these violations.  Doc. 1 at ¶34; Pl. Ex. 2 at ¶¶ 6-7.

Because the Plaintiff and others similarly situated were subject to the FLSA violation complained of, which arise from Defendants' common policy, conditional

---

October 26, 2015 which was served with the motion, Summons and Complaint.  Plaintiff will continue efforts to confer when counsel for Defendants enters an appearance.

[2] Doc. 1 is an example of the convention Plaintiff uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF).

[3] In anticipation of a unified numbering system Plaintiff has numbered his exhibits consecutively throughout his filings, beginning with Exhibit 1 attached to his Complaint and continuing with Exhibits 2-5 attached to the instant pleading.

certification of a FLSA collective action is appropriate. Plaintiff requests that the Court certify this case to proceed as a "collective action" under 29 U.S.C. § 216(b) so that all individuals employed by Defendants as hourly employees between October 13, 2012, and the present[4] may receive notice of the lawsuit and have the opportunity to opt-in to the collective action. In addition, Plaintiff requests that the Court approve his proposed Notice of Lawsuit (attached hereto as Plaintiffs' Ex. 3). Plaintiff requests that the Court order him to deliver the notice to all potential class members via first-class U.S. Mail, while also ordering Defendants to produce the names and addresses of the potential class members forthwith so that Plaintiffs may deliver the notice in a timely fashion.

**I. Statement of Facts**

This FLSA collective action is brought by a former employees of the Defendants who alleges that Defendants violated the FLSA by paying their hourly employees straight time wages for all hours worked. Doc. 1 at ¶¶ 19-24; Pl. Ex. 2 at ¶¶ 6-7.

Plaintiff Daniel Irigoyen-Morales worked for Defendants as a cement mason between March of 2005 and July of 2015 in many Colorado locations including Green Valley, Greeley, Loveland and Aurora. Pl. Ex. 2 at ¶3. He was paid a flat hourly wage that did not change when he worked more than forty hours in a week. *Id* at ¶¶ 5-6. Mr. Irigoyen-Morales worked on crews with between three and six other cement masons during his employment by Defendants and observed that the others with whom he worked suffered the same violation he alleges. *Id* at ¶¶ 4-7.

---

[4] The statute of limitations applicable to a willful violation of the FLSA is three years. 29 U.S.C.§ 255. Plaintiffs filed their complaint in this action on October 13, 2015. Doc. 1.

**II. Argument**

  **A. Plaintiff Is Statutorily Entitled To Maintain His Suit As A Collective Action.**

Plaintiff has alleged that he and others similarly situated worked overtime hours for Defendants and were not paid overtime premiums required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a). Doc. 1 at ¶¶ 18-24; 35-37; 45. Plaintiff filed this action seeking unpaid overtime wages on behalf of himself and others similarly situated as a FLSA collective action, pursuant to 29 U.S.C. § 216(b). Doc. 1 at ¶¶ 35-37; 39.

Plaintiff is statutorily entitled to maintain his suit as a collective action. *Turner v. Chiptole Mexican Grill*, No. 1:14-cv-02612-JLK, 2015 U.S. Dist. LEXIS 110933 (D. Colo. Aug. 21, 2015). Any qualified hourly employee who comes forward as a "similarly situated" employee is entitled to join this collective action. *Id* at *3. "The only requirement, per the statute, was that each plaintiff 'gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" *Id* at *14 (quoting 29 U.S.C. § 216(b)). While "there can be no requirement that wage claimants prove a 'single decision, policy or plan' to deprive them of pay in order to prevail on a claim for payment",[5] this case does concern such a common policy and decision to pay all hourly workers straight time wages for all hours worked. Doc. 1 at ¶¶ 18-24; Pl. Ex. 2 at ¶¶ 4-7. The Court should "presumptively allow workers bringing the same statutory claim against the same employer to join as a collective, with

---

[5] *Turner*, 2015 U.S. Dist. LEXIS 110933 at *21-22.

the understanding that individuals may be challenged and severed from the collective if the basis for their joinder proves erroneous." *Turner*, 2015 U.S. Dist. LEXIS 110933 at *21-22.

### B. Procedure for Certification

Section 216(b) of the FLSA provides that a person may maintain an action "on behalf of himself...and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which the action is brought." 29 U.S.C. § 216(b); *Hoffman La-Roche, Inc. v. Sperling*, 493 U.S. 165, 173(1989).[6] Thus there are only two requirements to proceed as a collective action: (1) all Plaintiffs must be "similarly situated;" and (2) a plaintiff must consent in writing to take part in the suit. *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). The usual Rule 23 class action requirements do not apply to FLSA collective actions. *Id.* at 1102.

United States District Courts in the 10th Circuit have generally applied a two-tiered approach to certifying FLSA representative actions. *See e.g.*, *Baldozier v. American Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005); *Green v. Drake Beam Morin*, No. 11-cv-01063-REB-CBS, 2011 US Dist LEXIS 140160 (D. Colo. December 6, 2011). The first step conditionally certifies the action as a collective action for purposes of issuing notice, and conducting discovery. Plaintiff is required to provide "'nothing more than substantial allegations that the putative class members were

---

[6] Although Hoffman-LaRocbe is an Age Discrimination in Employment Act (ADEA) case, its analysis is applicable to FLSA cases because the ADEA explicitly incorporates the FLSA collective action provisions. *Mooney v. Aramco Servs. Co.*, 51 F.3d 1207,1212 (5th Cir. 1995); *Hoffman v. Sbarro. Inc.*, 982 F. Supp. 249, 261 n. 15 (S.D.N.Y. 1998)("[I]n *Hoffman-LaRoche,* the Supreme Court construed § 216(b) on its own terms, and its analysis applies with equal force to FLSA cases.").

together the victims of a single decision, policy or plan.'" *Thiessen*, 267 F.3d at 1102. The plaintiff must establish a "reasonable basis" for his claim that there are other similarly situated employees. *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1260 (11th Cir. 2008). This is a "lenient standard," *Baldozier,* 375 F. Supp. 2d at 1092, "which typically results in conditional certification of a representative class." *Renfro v. Spartan Computer Services, Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).

The second step is typically precipitated by a motion for "decertification" by the defendant after discovery is complete. *Thiessen*, 267 F.3d at 1102-03. If the defendant establishes that the claimants who responded to the opt-in notice are not, in fact, similarly situated, the district court decertifies the action and dismisses without prejudice the claims of the opt-in plaintiffs who lack similarity. If the court finds the opt-in plaintiffs to be similarly situated, the case proceeds to trial as a collective action. *Mendez v. Radec Corp.*, 232 F.R.D. 78, 94 (S.D.N.Y. 2005).

    **C.**    **Plaintiff and The Putative Class Are Similarly Situated.**

At the conditional certification stage, plaintiffs are not required to show that their situations were identical. *Shockey v. Huhtamaki, Inc.*, 730 F. Supp. 2d 1298, 1303 (D. Kan. 2010); *Pivonka v. Bd of County Comm'rs of Johnson County*, Kan., No. 04-2598-JWL, 2005 U.S. Dist. LEXIS 17553 at *4 (D. Kan. July 27, 2005)(declining to require identical job duties before conditionally certifying a collective action, as such analysis applies at the second stage). Rather at the initial or "notice" stage of certification a court may consider affidavits and declarations provided in support of a plaintiff's allegations to determine whether the putative class is "similarly situated" such that granting conditional class certification is appropriate. *Renfro*, 243 F.R.D. at 432 n.1.

This case is appropriate for certification under 29 U.S.C. § 216(b) because the named Plaintiff is similarly situated to the proposed class of potential opt-in Plaintiffs. Plaintiff's Complaint alleges that Defendants have violated the FLSA by paying their hourly employees hourly wages which were not augmented to provide an overtime premium where they worked over forty hours in a week.  Doc. 1 at ¶¶ 19-20; Pl. Ex. 2 at ¶¶ 4-7.

The Plaintiff worked for Defendants for ten years in numerous different locations throughout the Defendants' service area.  Pl. Ex. 2 at ¶3.  Over the course of ten years, Plaintiff consistently worked on cement crews with groups of three to six other masons employed by Defendants, with whom he spent extensive time.  Pl. Ex. 2 at ¶4.  Plaintiff observed that Defendants applied the complained-of policy uniformly to his co-workers. Pl. Ex. 2 at ¶¶4-7.

"Generally, where putative class members are employed in similar positions, the allegation that the defendant engaged in a pattern or practice of not paying certain wages or not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan." *Hobbs v. Tandem Envt'l. Solutions*, No. 10-1204-KHV, 2011 U.S. Dist. LEXIS 11426 at 5-6 (D. Kan. Feb. 7, 2011). Plaintiff has provided substantial allegations that he and the potential opt-in plaintiffs were together victims of Defendants' common policy to compensate hourly employees with an hourly wage which was not increased to provide an overtime premium. *Thiessen*, 267 F.3d at 1102. Plaintiff has established a "reasonable basis" for the claim that he and the members of the proposed opt-in class are similarly situated with respect to his FLSA claims. *See*, *Morgan*, 551 F.3d at 1260. (11th Cir. 2008).  The affidavit the

Plaintiff submitted suffices to meet his preliminary burden of demonstrating that he and the proposed opt-in class are "similarly situated" for purposes of 29 U.S.C. § 216(b).

      **D.**    **The Court Should Approve and Order Distribution of Plaintiff's Proposed Notice of This Action.**

The benefits of the collective action procedure "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche Inc.,* 493 U.S. at 170. When a collective action is filed, courts have the managerial responsibility to ensure that joinder of additional plaintiffs is accomplished efficiently. *Id.* at 170-71.

The Court should approve the Plaintiff's proposed notice (attached hereto as Exhibit 3) for distribution to all potential class members, by first-class U.S. Mail. The notice Plaintiff proposes mirrors precisely those approved by this Court in two similar FLSA collective actions. *See*, *Torres v. Cache Cache*, No. 1:12-cv-00150-LTB-KLM, Doc. 30 (D.Colo. Jan. 23, 2013)(attached hereto as Plaintiffs' Exhibit 4); *Damitio v. Sushi Zanmai,* Case No. 12-cv-02603-JLK, Docs. 32-1 & 33 (D.Colo. filed October 1, 2012)(attached hereto as Plaintiffs' Exhibit 5).  The notice in *Torres v. Cache Cache* was approved by Judge Babcock on January 23, 2013.  Pl. Ex. 4 at 4.  The notice in *Damitio v. Sushi Zanmai* was approved by Judge Kane on August 22, 2013.  Pl. Ex. 5 at 6.  Plaintiff's proposed notice should be approved for distribution to "[a]ll individuals employed by Defendants as hourly employees between October 13, 2012 and the present".  Doc. 1 at ¶ 35.

To enable Plaintiff to mail the Notice, Plaintiff also moves the Court for an order directing Defendants to provide the names and last known addresses of the potential class members. Indeed, Plaintiffs cannot mail the notice to potential class members without this information. The Supreme Court in *Hoffman-LaRoche* held that "[t]he District Court was correct to permit discovery of the names and addresses of the discharged employees." 493 U.S. at 170. District courts routinely order the disclosure of the names and addresses of the potential opt-in Plaintiffs in conjunction with authorizing notice. *See, e.g., Shockey,* 730 F. Supp. 2d at 1308 ("[D]efendant shall have fourteen (14) days to provide a list of all employees constituting the class, with their last known addresses, phone numbers and dates of employment in an agreeable format for mailing); *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 309-10 (S.D.N.Y. 1998) (ordering defendants to provide names and addresses within a week after the date of the order); *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 252 (M.D. Tenn. 1996) (ordering defendant to disclose names and addresses within two weeks of date of order); *Schwed v. Gen. Elec. Co.,* 159 F.R.D. 373, 377-78 (N.D.N.Y. 1995) (directing defendant to furnish plaintiffs' counsel with names and addresses of potential class members within fifteen days of the date of the order).   This Court recently ordered a collective action Defendant to produce this information in the form of a "searchable and importable electronic list". *Turner*, 2015 U.S. Dist. LEXIS 110933 at *24.  The same order is appropriate in this case.

### E.  The Court Should Authorize A Ninety-Day Opt-In Period.

The Notice distributed must advise potential opt-in Plaintiffs of the date by which those interested in becoming parties must file a signed Opt-In Consent Form.  This

Court recently authorized a ninety-day opt-in period in a similar case. *Turner*, 2015 U.S. Dist. LEXIS 110933 at *24.  Plaintiff suggests that a ninety-day period is appropriate in this case as well. Defendant will suffer no prejudice from a ninety-day delay in identifying all parties Plaintiff, as discovery has not yet opened.  Ample time to conduct discovery regarding those workers who opt-in to the action will remain after a ninety-day period ends.

      **F. The Court Should Toll The Statute Of Limitations Applicable To The Claims Of Opt-In Plaintiffs.**

Finally, Plaintiff requests that the Court toll the statute of limitations pertaining to the FLSA claims of those who choose to opt-in to this action.

The statute of limitations applicable to opt-in plaintiffs joining FLSA collective actions generally runs until they file opt-in forms with the court. 29 U.S.C. § 256.  It would be inequitable to allow the FLSA claims of potential opt-in Plaintiffs to expire before they can receive notice of their right to litigate them collectively.  Plaintiffs are unable to provide prompt notice because Defendant currently has sole possession of the identities and addresses of potential opt-in Plaintiffs.

In similar circumstances, Courts have remedied delay in issuing notice by tolling the statue of limitations applicable to the claims of opt-in Plaintiffs.  *Ribot v. Farmers Ins. Group*, No. CV 11-02404 DDP (FMOx), 2013 U.S. Dist. LEXIS 100810, 46-47 (C.D. Cal. July 17, 2013); *Stransky v. HealthOne of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181-1182 (D. Colo. 2012)("Although early notice to Opt-in Plaintiffs in a collective action such as this is favored, such notice was not possible here as Defendant is in sole possession of the names and last known physical addresses of all potential Opt-in Plaintiffs. As such, allowing Opt-in Plaintiffs' claims to diminish or expire due to

circumstances beyond their direct control would be particularly unjust."); *Adams v. Inter-Con Sec. Sys.*, 242 F.R.D. 530, 543 (N.D. Cal. 2007) ("Applying equitable tolling to this case does not alter this requirement, but counters the advantage defendants would otherwise gain by withholding potential plaintiffs' contact information until the last possible moment. Faultless potential plaintiffs should not be deprived of their legal rights on the basis of a defendant's delay, calculated or otherwise.").

Plaintiffs specifically request that the statute of limitations applicable to the FLSA claims of opt-in Plaintiffs be tolled retroactive to the date on which Plaintiffs filed this motion for approval of notice. Courts often toll potential class members' statute of limitations from the date of the filing of the motion to certify, which sought the production of mailing addresses. *See e.g., Stransky,* 868 F. Supp. 2d at 1182; *see also, In re Bank of America Wage and Hour Emp't Litig.,* No. 10-MDL-2138, 2010 WL 4180530 (D. Kan. Oct. 20, 2010) ("the unique circumstance of a collective action 'is not only significant but justifies tolling the limitations period [ ] for the FLSA putative class until the court authorizes the provision of notice to putative class members or issues an order denying the provision of notice."). The Court should toll the statute of limitations applicable to the FLSA claims of opt-in Plaintiffs.

### III.    Conclusion

For the foregoing reasons, Plaintiff respectfully requests that her motion be granted and that the Court enter an Order: (1) conditionally certifying this case as a Fair Labor Standards Act (FLSA) collective action pursuant to 29 U.S.C. § 216(b); (2) approving the proposed notice of this action for distribution to the conditionally certified opt-in class; (3) ordering distribution of the Court's approved notice; (4) ordering the

production of names and addresses of members of the conditionally-certified opt-in class so that Plaintiffs might mail the Court's approved notice to them; (5) authorizing of a ninety-day period after mailing in which such individuals may file their consent-to-sue forms effecting their provisional joinder in this collective action, and (6) tolling the statute of limitations applicable to the FLSA claims of opt-in Plaintiffs as of this 26th day of October, 2015.

Respectfully Submitted,

*/s/ **Andrew H. Turner***
Andrew H. Turner
BUESCHER, KELMAN & PERERA, P.C.
600 Grant Street – Suite 450
Denver, CO  80203
303-333-7751
Fax:  303-333-7758
aturner@laborlawdenver.com

*Attorney for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document on Defendants *via* hand delivery to:

>Concreations of Colorado, Inc.
>c/o Eddie Romero
>Registered Agent
>7997 Faith Ct.
>Frederick, CO  80530-4800

>and

>Eddie Romero
>7997 Faith Ct.
>Frederick, CO  80530-4800

This 26th day of October, 2015.

>***/s/ Andrew H. Turner***