IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 15-cv-02272-LTB-KLM

DANIEL IRIGOYEN-MORALES, on his own behalf and on behalf of all others similarly situated,

    Plaintiff,

v.

CONCREATIONS OF COLORADO, INC.; and
EDDIE ROMERO,

    Defendants.

_____

# ORDER
_____

This case is before me on Plaintiff's Motion for Conditional Certification as a Collective Action and for Court-Authorized Notice [Doc # 4]. After consideration of the motion, all related pleadings, and the case file, I grant the motion in part and deny it in part as set forth below.

## I. Background

In this case, Plaintiff alleges that Defendants failed to pay overtime hourly rates to him and other employees working in excess of forty hours a week in violation of the of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff asserts his FLSA claim on behalf of himself and all others pursuant to § 216(b) of the FLSA and defines the proposed class as

> All individuals employed by Defendants as hourly employees between October 13, 2012 and the present, who were not paid mandatory overtime premiums for hours worked over forty in a workweek.

Doc #1, ¶ 35.

By the motion, Plaintiff asks the Court to (1) conditionally certify this case as an FLSA collective action; (2) approve notice of this action for distribution to the conditionally certified opt-in class; (3) order distribution of the Court's approved notice; (4) order the production of

names and addresses of the conditionally certified opt-in class for purposes of providing notice; and (5) toll the statute of limitations applicable to FLSA claims as of the date the motion was filed.

## II. Analysis

### A. Conditional Certification

In deciding Plaintiff's request for conditional class certification at this stage in the proceedings, I must determine whether there are "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. General Elec. Capital Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001) (citations omitted).

In support of conditional class certification, Plaintiff alleges that he worked with "various other employees" of Defendants on crews consisting of 3 - 6 members; that he discussed Defendants' pay practices with the co-workers on these crews; and that his co-workers reported the same problem of not receiving overtime pay. Doc # 4-1, ¶¶ 4& 7.

Defendants argue that these allegations do not meet the applicable standard because Plaintiff fails to provide affidavits, names, or job titles of any other potential opt-in plaintiffs but cites no controlling authority that Plaintiff is required to do so. Additionally, given the definition of the proposed class, the actual job title of Plaintiff's co-workers is of little relevance. Finally, Defendant's argument that the proposed class should be limited to employees who worked for Defendants over a two year period of time because Plaintiff has not sufficiently alleged willfulness on their part is premature at this stage of the proceedings. *See* 29 U.S.C. § 255(a) (establishing a two-year limitations period for FLSA actions "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.").

Because Plaintiff has made substantial allegations that he and other employees of Defendants were similarly denied overtime pay, I grant Plaintiff's request for conditional certification of the class identified above.

### B. Form of Proposed Notice

Defendants have a number of objections to the proposed notice to the prospective class of plaintiffs that was attached as Exhibit 3 to Plaintiff's motion. Plaintiff has no objection to making some edits to the proposed notice in response to these objections, and I conclude that an additional edit is appropriate as well. Plaintiff shall therefore amend the proposed notice as follows:

1. The third sentence of paragraph 6 of Plaintiff's proposed notice shall be revised to read "Workers must be paid 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek."

2. The following sentence shall be added to the end of paragraph 9 of Plaintiff's proposed notice: "If you choose to join in this lawsuit, you may be asked to: (1) appear for a deposition in Denver, Colorado; (2) respond to written discovery; and/or (3) appear at a trial in Denver, Colorado."

3. The last sentence of paragraph 11 of the proposed notice shall be revised to read "This form must be returned by you within 60 days from the postmark date of the notice."

4. The following sentence shall be added to the end of paragraph 13 of Plaintiff's proposed notice: "You may, however, contact any attorney of your choosing regarding this case."

Any objection by Defendants to Plaintiff's proposed notice not incorporated above has been considered and rejected by the Court.

### C. Tolling of Statute of Limitations

Because the doctrine of equitable tolling should be "invoked sparingly," *see Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 96 (1990), I decline to equitably toll the statute of limitations at this point in time. I will, however, reconsider this issue if warranted as the facts and circumstances of this case are further developed.

### IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Conditional Certification as a Collective Action and for Court-Authorized Notice [Doc # 4] is GRANTED IN PART and DENIED IN PART;

2. This case is conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) consisting of

> All individuals employed by Defendants as hourly employees between October 13, 2012 and the present, who were not paid mandatory overtime premiums for hours worked over forty in a workweek;

3. Defendants' counsel shall provide Plaintiff's counsel with a list of the names and addresses of all potential collective action members within 14 days of the date of this Order;

4. Plaintiff shall send a notice reflecting the revisions set forth above by First Class U.S. Mail to the address of each of the individuals on the above-referenced list within 7 days of receiving this list;

5. Defendants, including any of their agents, owners, employees, attorneys, representatives, affiliates, agents, and/or any other person acting or purporting to act on their behalf, shall take no action that could in any way influence any of the noticed individuals in making their decision as to whether to "opt-in" to this collective action and shall not retaliate in any way against any individual who elects to "opt-in" to this collective action; and

6. Plaintiff's motion is DENIED to the extent that it seeks any relief in addition to that which is set forth above.

Dated: June __10__ , 2016 in Denver, Colorado.

                                                BY THE COURT:

                                                _s/Lewis T. Babcock_
                                                LEWIS T. BABCOCK, JUDGE