**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

DANIEL IRIGOYEN-MORALES,
on his own behalf and
on behalf of all others similarly situated,

      Plaintiffs,

v.

CONCREATIONS OF COLORADO, INC., and
EDDIE ROMERO,

      Defendants.

_____

**FIRST AMENDED COMPLAINT**
_____

Plaintiff, by and through undersigned counsel, files this Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

## STATEMENT OF THE CASE

1.    Plaintiff and those similarly situated are currently or were formerly employed by Defendants as hourly workers in Defendants' concrete construction business.

2.    Defendants failed to pay their hourly employees minimum overtime wages for hours worked beyond forty each workweek.  Instead, Defendants compensated their hourly employees for all hours worked at a flat hourly rate which was not increased to provide the mandatory overtime premium when overtime was worked.

3.    Defendants violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§

201 *et seq.* because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek.

4. Defendant Concreations of Colorado, Inc. violated the Colorado Wage Claim Act (the "CWCA"), C.R.S. § 8-4-109 because that Act requires employers to pay their employees all earned, vested and determinable wages unpaid at the time of separation from employment.

5. Plaintiff seeks compensation for Defendants' violations of the FLSA on his own behalf and on behalf of others similarly situated.

## PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Daniel Irigoyen-Morales was employed by Defendants from approximately 2005 through July of 2015. Plaintiff Irigoyen-Morales' signed FLSA Consent to Sue Form is attached to this First Amended Complaint.

7. Defendant Concreations of Colorado, Inc. is a Colorado Corporation organized under the Colorado Corporations and Associations Act, with a principal street address of P.O. Box 830, Firestone, CO  80520.

8. Defendant Eddie Romero is an owner of Concreations of Colorado, Inc. ("the Defendant Corporation").

9. Upon information and belief, Defendant Romero owns a controlling interest in the Defendant Corporation.

10. Upon information and belief, Defendant Romero is an Officer of the Defendant Corporation.

11. At all times relevant to this action, Defendant Romero exercised day to day operational control over the Defendant Corporation.

12. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), because all Defendants reside in the District of Colorado.

14. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events and omissions giving rise to the claims occurred in the District of Colorado.

## **FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

15. Defendants employed the Plaintiff, and those similarly situated, in their Firestone, Colorado concrete construction business.

16. Defendants employed the Plaintiff during 2012, 2013, 2014 and 2015.

17. Defendants paid the Plaintiff and those similarly situated on an hourly basis.

18. The Plaintiff and the other hourly employees regularly worked more than 40 hours per week for Defendants.

19. Defendants failed to augment the regular rates of pay of the Plaintiff and others similarly situated to pay them overtime premiums for hours worked in excess of 40 in a given workweek.

20. Defendants paid their hourly employees for all hours at straight time rates.

21. For example, in the weekly pay period running from October 14, 2012 through October 20, 2012, Plaintiff Irigoyen-Morales worked forty-six hours. All of his hours in that pay period were compensated at his regular rate of $17.00 per hour.

22. For example, in the weekly pay period running from November 10, 2013 through November 16, 2013, Plaintiff Irigoyen-Morales worked fifty-four hours. All of his hours in that pay period were compensated at his regular rate of $19.00 per hour.

23. For example, in the weekly pay period running from August 17, 2014 through August 23, 2014, Plaintiff Irigoyen-Morales worked forty-eight hours. All of his hours in that pay period were compensated at his regular rate of $21.00 per hour.

24. Defendants paid their hourly employees for all hours at straight time rates.

25. Plaintiff and others similarly situated handled and worked with concrete, tools and other materials which moved in interstate commerce.

26. During 2012, 2013, 2014 and 2015, Defendants operated an enterprise whose aggregated, annual gross volume of sales made or business done was not less than $500,000.00.

27. Defendant Eddie Romero, at all material times, exercised day-to-day operational control over the Defendant Corporation.

28. Upon information and belief, Defendant Romero was a corporate officer of Defendant Concreations of Colorado, Inc. at times relevant to this action.

29. Upon information and belief, Defendant Romero was an owner of the Defendant Corporation at times relevant to this action.

30. Upon information and belief, Defendant Romero owned a controlling interest in the Defendant Corporation at times relevant to this action.

31. Defendant Romero was the Registered Agent for the Defendant Corporation at times relevant to this action.

32. Defendant Romero assigned the Plaintiff and others similarly situated their job

duties.

33. Defendant Romero had and exercised the power to hire employees of the Defendant Corporation and to control those employees' terms and conditions of employment.

34. Defendant Romero controlled the wage rates employees of the Defendant Corporation would be paid.

## 29 U.S.C. § 216(b) COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff Irigoyen-Morales brings his claim under the Fair Labor Standards Act as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "216(b) Class" as follows:

> All individuals employed by Defendants as hourly employees between October 13, 2012 and the present, who were not paid mandatory overtime premiums for hours worked over forty in a workweek.

36. The relevant time period dates back three years from the date on which this Complaint was filed because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

37. All potential 216(b) Class Members are similarly situated because they worked for Defendants as hourly employees and are or were subject to Defendants' common policy of failing to pay overtime premiums.

## COUNT I – Failure to Pay Overtime Premiums
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)

38. Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-37

above as if fully set forth herein.

39. As set forth in ¶¶ 35-37 *supra,* Plaintiff asserts this count on his own behalf and on behalf of all others similarly situated.  29 U.S.C. § 216(b).

40. This count seeks the recovery of overtime premiums and penalties arising from work performed between October 13, 2012 and the present.

41. Plaintiff and others were "employees" as that term is defined by the FLSA.  29 U.S.C. § 203(e).

42. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA.  29 U.S.C. § 203(g).

43. Defendants were Plaintiff's and others "employers" as that term is defined by the FLSA.  29 U.S.C. § 203(d).

44. Defendants employed the Plaintiff and others to handle and work on goods and ingredients and with tools, which moved in interstate commerce.  29 U.S.C. § 203(i); 29 U.S.C. § 203(j).

45. Defendants employed the Plaintiff and others similarly situated in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

46. Defendants violated the FLSA when they failed to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek.  29 U.S.C. § 207.

47. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

48. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

49. Plaintiff and others are entitled to recover unpaid overtime premiums liquidated damages, attorney's fees and costs.  29 U.S.C. § 216(b).

### COUNT II – Failure to Pay Earned, Vested & Determinable Overtime Wages
### Violation of the CWCA (C.R.S. § 8-4-109)

50. Plaintiff repeats and realleges each of the allegations contained in ¶¶ 1-49 above as if fully set forth herein.

51. Plaintiff asserts this count against Defendant Concreations of Colorado, Inc. Plaintiff does not assert this count against Defendant Eddie P. Romero.

52. This count seeks the recovery of overtime premiums and penalties arising from work performed between Plaintiff's date of hire and his July 2015 date of separation.

53. Defendant was Plaintiff's "employer" as that term is defined by the CWCA because it employed the Plaintiff in Colorado.  C.R.S. § 8-4-101(5).

54. The Plaintiff was Defendant's "employee" as that term is defined by the CWCA because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. C.R.S. § 8-4-101(4).

55. Defendant employed the Plaintiff in an enterprise "engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

56. The Fair Labor Standards Act required Defendant to pay the Plaintiff overtime premiums for hours worked over forty in each given workweek.  29 U.S.C. § 207.

57. Defendant failed to pay the Plaintiff overtime premiums for hours worked over forty in each given workweek.

58. The overtime premiums Defendant denied the Plaintiff constitute earned wages or other compensation owing the Plaintiff. C.R.S. § 8-4-109.

59. On or about July 30, 2015, Plaintiff separated from his employment by Defendant.

60. Defendant violated the CWCA when it failed to pay the Plaintiff his earned overtime wages upon his separation from employment.

61. On March 28, 2016, Plaintiff, by and through his designated agent, sent a written demand for the payment of unpaid overtime premiums to Defendant and its counsel. C.R.S. § 8-4-109(3).

62. Defendant and its counsel received Plaintiff's written demand on March 30, 2016.

63. Defendant made no tender in response to Plaintiff's written demand within fourteen (14) days after Plaintiff sent his written demand. C.R.S. § 8-4-109(3)(a.5).

64. Having failed to make a tender within fourteen (14) days after Plaintiff's written demand, Defendant made "a tender of no money for any purpose under [Colorado Revised Statutes Title 8 Art. 4]." C.R.S. § 8-4-110(1).

65. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

66. Defendant's failure to pay Plaintiff was willful. C.R.S. § 8-4-109(3)(c).

67. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him, any statutory penalties due, and any reasonable costs or attorneys fees due. C.R.S. § 8-4-109; C.R.S. § 8-4-110.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that:

As to their Count I claim brought under the FLSA, Plaintiff respectfully requests an Order from the Court that:

    a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

    b. Plaintiff and the 216(b) Class be awarded unpaid overtime premiums;

    c. Plaintiff and the 216(b) Class be awarded liquidated damages as required by law;

    d. Plaintiff and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law; and

    e. Plaintiff and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

    f. Plaintiff and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

As to his Count II claim brought under the CWCA, Plaintiff respectfully requests an Order from the Court that:

    a.    Plaintiff be awarded the unpaid balance of the full amount of the wages owed to him; and

    b.    Plaintiff be awarded statutory penalties due.  C.R.S. § 8-4-109(3); and

    c.    Plaintiff be awarded reasonable costs and attorneys fees.  C.R.S. § 8-4-110.

.

Respectfully Submitted,

**/s/ Andrew H. Turner**
Andrew H. Turner
BUSECHER, KELMAN, PERERA & TURNER, P.C.
600 Grant Street – Suite 450
Denver, CO  80203
Tel: (303)-333-7751
Fax:  (303)-333-7758
aturner@laborlawdenver.com


Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing document on Defendant by electronically filing with the Clerk of Court, using the CM/ECF system which will send notification of such filing to the following counsel Defendant *via* e-mail:

>Bruce Anderson
>Fisher & Phillips, LLP-Denver
>1801 California Street
>Suite 2700
>Denver, CO 80202-3025
>303-218-3650
>303-218-3651 (fax)
>banderson@laborlawyers.com

This 30th day of June, 2016.

**/s/ *Andrew H. Turner***